**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

JUN 30 2026

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| BEN-TOV TZARCHEI,<br><br>           Petitioner,<br><br>  v.<br><br>TODD BLANCHE, Acting Attorney General,<br><br>           Respondent. | No. 25-4289<br><br>Agency No. A086-925-548<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 12, 2026**
Pasadena, California

Before:  COLLINS and BRESS, Circuit Judges, and DONATO, District Judge.***

Ben-Tov Tzarchei, a citizen of Israel, petitions for review of a decision of

the Board of Immigration Appeals ("BIA") dismissing his appeal of an order of an

Immigration Judge ("IJ") denying his application for special rule cancellation of

removal for a battered spouse under § 240A(b)(2) of the Immigration and

Nationality Act ("INA").  *See* 8 U.S.C. § 1229b(b)(2).  We have jurisdiction under

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes that this case is suitable for decision without oral argument.  *See* FED. R. APP. P. 34(a)(2)(C).

\*\*\* The Honorable James Donato, United States District Judge for the Northern District of California, sitting by designation.

INA § 242. *See* 8 U.S.C. § 1252. We review legal questions de novo and the agency's factual findings for substantial evidence. *See Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022). We deny the petition.

The BIA upheld the IJ's denial of Tzarchei's request for special rule cancellation of removal, holding that Tzarchei's alleged batterer (his U.S. citizen second wife) did not count as his "spouse" within the meaning of § 240A(b)(2)(A)(i) because, at the time of his putative marriage to his alleged batterer, Tzarchei had not "dissolved" his prior marriage to his first wife. *See* 8 U.S.C. § 1229b(b)(2)(A)(i) (holding that an alien is eligible for special cancellation of removal if "the alien has been battered or subjected to extreme cruelty by a spouse . . . who is or was a United States citizen").[1] In his opening brief in this court, Tzarchei's sole argument is that the agency committed an error of law in construing "spouse" in this provision to mean only a validly married spouse and not also a putative spouse in a "void or voidable" marriage. However, Tzarchei never presented this argument to the BIA. In his brief to the BIA, Tzarchei's only arguments in support of cancellation of removal were that (1) the IJ did not afford him sufficient opportunity to obtain documentary evidence that he had validly divorced his first wife in 2003; and (2) with such evidence, he would

---

[1] Although Tzarchei's brief repeatedly references the meaning of "spouse" in INA § 240A(b)(2)(A)(i)(III), that provision does not use the term "spouse." Instead, the statutory language that Tzarchei quotes and references is in § 240A(b)(2)(A)(i)(I).

be able to support the claim that he did not enter into a bigamous marriage when he married his second wife.

Because Tzarchei's sole argument concerning cancellation of removal before the BIA was that he could show the validity of his second marriage (and that he could thereby establish that his second wife was his "spouse" under the agency's construction of the statute), he did not present to the BIA his current argument that, as a legal matter, the term "spouse" also includes putative spouses in void or voidable marriages. He therefore failed to comply with the INA's requirement that he exhaust available administrative remedies. *See* 8 U.S.C. § 1252(d)(1). Because the Government has properly invoked Tzarchei's failure to comply with this mandatory claim-processing rule, we must enforce the rule and we therefore cannot consider Tzarchei's argument concerning the meaning of the term "spouse." *See Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023). And because Tzarchei does not contend in this court that he can show or has shown the validity of his divorce and of his second marriage, he has forfeited any argument that his second wife counts as his "spouse" under the agency's construction of § 240A(b)(2)(A)(i).

**PETITION DENIED.**